UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANK K.,

                                                                                                           <u>DECISION AND ORDER</u>

                                        Plaintiff,

                                                                                                           21-CV-0211L

                                           v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                        Defendant.
_____

      Plaintiff appeals from a denial of disability benefits by the acting Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

      On October 26, 2018, plaintiff, then forty-five years old, filed an application for supplemental security income, alleging an inability to work as of January 1, 2002. (Administrative Transcript, Dkt. #6 at 15). His application was initially denied. Plaintiff requested a hearing, which was held on April 16, 2020 via telephone conference before Administrative Law Judge ("ALJ") Lori Romeo. The ALJ issued a decision on August 28, 2020, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #6 at 15-25). That decision became the final decision of the Commissioner when the Appeals Council denied review on December 7, 2020. (Dkt. #6 at 1-3). Plaintiff now appeals.

The plaintiff has moved for judgment remanding the matter for the calculation and payment of benefits, or in the alternative, for further proceedings (Dkt. #8), and the Commissioner has cross moved (Dkt. #9) for judgment on the pleadings, pursuant to Fed. R. Civ. Proc. 12(c).

For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

**I.     The ALJ's Decision**

The ALJ's decision summarizes plaintiff's medical records, which reflect treatment for chronic heart failure, hypertension, asthma, right knee dysfunction, and opioid use disorder, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #16 at 17).

Upon consideration of the record, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform sedentary work, except that he could no more than occasionally climb stairs or bend, and can never be exposed to heights, ladders, or scaffolds. Further, plaintiff is limited to indoor occupations. He can tolerate "normal indoor respiratory irritants," but cannot be exposed to extreme heat, extreme cold, wetness, or concentrated respiratory irritants. Finally, he is limited to unskilled tasks. (Dkt. #6 at 18).

When presented with this RFC as a hypothetical question at the hearing, vocational expert Estelle R. Hutchinson testified that such an individual would be unable to perform plaintiff's past relevant work as a pizza delivery driver, or as a stocker and store laborer. However, he could perform the representative sedentary unskilled positions of telephone order clerk, assembler, and inspector. (Dkt. #6 at 23-24). The ALJ accordingly found that plaintiff had not been under a disability prior to October 26, 2018, when his application was filed.

## II. Listing 4.02

Plaintiff argues that the ALJ committed reversible error when she made the conclusory finding, at Step 3, that "[t]here is no evidence in the record that demonstrates th[e] criteria" for Listing 4.02, relating to chronic heart failure. (Dkt. #6 at 18). The Court concurs.

Listing 4.02 can be satisfied through medical documentation of the following: "(A)(1) Systolic failure [with] left ventricular end diastolic dimensions greater than 6.0cm or ejection fraction of 30 percent or less during a period of stability (not during an episode of acute heart failure) . . . (B) [r]esulting in one of the following: . . . (3) Inability to perform on an exercise tolerance test at a workload equivalent to 5 METs or less due to: (a) Dyspnea,[1] fatigue, palpitations, or chest discomfort . . ." 20 C.F.R. §404, Subpt. P, App. 1, Listing 4.02.

Here, contrary to the ALJ's observation that there was "no evidence in the record that demonstrates" the criteria for the Listing, the record unquestionably contained such evidence, and merited a more detailed analysis. A June 16, 2018 echocardiogram showed left ventricular ejection fraction of 15%-20%. (Dkt. #6 at 430). Echocardiograms administered on August 12, 2019 and October 17, 2019 both yielded left ventricular end diastolic dimensions greater than 6.0cm, *and* ejection fractions of 15% and of 21%, respectively. (Dkt. #7 at 1084-85, 1088-90). Plaintiff also

---

[1] Dyspnea refers to difficulty breathing.

underwent an exercise tolerance test on October 17, 2019, with a measured workload equivalent of 3.6 METs, with "exercise intolerance most likely due to cardiac disease, pulmonary component and deconditioning." (Dkt. #7 at 1086-87).

At the hearing on April 16, 2020, the ALJ acknowledged that "the claimant might meet or equal a listing," and noted that plaintiff's treating cardiologist had diagnosed him with "a Class III heart condition" (that is, a chronic heart condition producing marked limitations) that could compel a finding of disability, and indicated that she was "going to send this off to a . . . medical expert, a cardiologist," for an advisory opinion. (Dkt. #6 at 51, Dkt. #7 at 1318). However, for reasons that are not clear, the ALJ did not ultimately obtain any medical expert opinions or testimony, and eventually concluded in her decision that there was "no evidence" establishing the requisite ejection fraction or exercise tolerance test measurements after all.

Because evidence demonstrating some or all of the criteria for Listing 4.02 *was* present in the record, and because the ALJ's reasoning in finding that there was "no" such evidence in the record cannot be gleaned from her decision, remand is required. *See York v. Commissioner*, 357 F.3d 259, 261 (W.D.N.Y. 2019)("[i]n the absence of an explanation of the conflicting evidence as to [whether plaintiff met the requirements of a listing], this Court cannot reasonably infer that there was 'sufficient uncontradicted evidence in the record to provide substantial evidence for the conclusion that [p]laintiff failed to meet' the requirements of the Listing")(quoting *McIntosh v. Berryhill*, 2018 U.S. Dist. LEXIS 120183 at *60-*62 (S.D.N.Y. 2018)); *Nelson v. Colvin*, 114 F. Supp. 3d 69, 75 (W.D.N.Y. 2015) (where a claimant appears to meet at least some of the requirements of a listed impairment, the ALJ is obligated to explain his reasons for finding that the listing is not met). *See generally Fulgencio S. v. Commissioner*, 2018 U.S. Dist. LEXIS 202630 at *12-*19 (C.D. Cal. 2018)(remand for further proceedings is appropriate where the ALJ

erroneously stated that "no evidence" supported a finding that plaintiff met the requirements of Listing 4.02, despite multiple qualifying ejection fraction test results over the course of several years, because "[t]he ALJ's boilerplate statement that 'there is no evidence in the record which demonstrates [Listing 4.02] criteria' . . . is insufficient to discharge her obligation to show the reasoning behind her determination").

The Commissioner argues that even if the ALJ erred in finding that plaintiff's ECG and stress test results did not satisfy the elements of Listing 4.02, such error is harmless, because the record did not conclusively establish that the 12-month durational requirement was satisfied with respect to each element.

The record did contain evidentiary gaps with respect to whether, e.g., plaintiff's inability to perform on an exercise tolerance test persisted in such a manner as to satisfy the durational requirement, and whether the medical reasons given for halting plaintiff's exercise tolerance test equated to the "dyspnea, fatigue, palpitations, or chest discomfort" specified in the Listing. However, such sophisticated matters required competent medical opinion to resolve, and the ALJ's failure to obtain such opinion evidence is also reversible error. *See generally Fulgencio S.*, 2018 U.S. Dist. LEXIS 202630 at *18 ( "the Court cannot conclude the ALJ's failure to explain the Listing 4.02 evaluation was harmless error," even where plaintiff offers no evidence that the criteria were fully met, because factual findings related to a listed impairment are within "the domain of the ALJ," and "it is the ALJ's duty to order a further medical evaluation should the ALJ determine that evidence potentially demonstrating [p]laintiff met any of the [Listing's] criteria is ambiguous or inadequate").

Because the present record does not clearly demonstrate that plaintiff's impairments met or equaled the requirements of Listing 4.02, or that plaintiff is otherwise disabled, remand for

further proceedings, rather than for the calculation and payment of benefits, is the appropriate remedy. Because I find that remand is necessary to address the ALJ's errors at Step Three, I decline to reach plaintiff's supplemental arguments.

## CONCLUSION

For the forgoing reasons, plaintiff's motion for judgment on the pleadings (Dkt. #8) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #9) is denied.

The Commissioner's decision is reversed, and the matter is remanded for additional proceedings, to include further development of the record as to whether plaintiff's congestive heart failure meets or equals the requirements of Listing 4.02, and the rendering of a new decision. Such proceedings should include, if appropriate, obtainment of additional test results, medical opinions, and/or an advisory opinion or testimony from a medical expert in the field of cardiology.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 22, 2022.